STATE EMPLOYMENT RELATIONS BOARD, Appellee,

v.

AKRON CITY SCHOOL DISTRICT BOARD OF EDUCATION, Appellee;

Ohio Association of Public School Employees/AFSCME,
AFL–CIO, Intervenor–Appellant.

[Cite as *State Emp. Relations Bd. v. Akron City School Dist. Bd. of Edn.* (1992), 83 Ohio App.3d 719.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1013.

Decided Dec. 1, 1992.

*Lee Fisher,* Attorney General, and *Wayne Kriynovich,* Assistant Attorney General, for appellee SERB.

*Whalen & Compton Co., L.P.A., Dennis M. Whalen* and *G. Frederick Compton, Jr.,* for appellee school board.

*Lucas, Prendergast, Albright, Gibson & Newman* and *Stephen H. Dodd,* for intervenor-appellant.

BOWMAN, Judge.

Intervenor-appellant, the Ohio Association of Public School Employees, AFSCME/AFL–CIO, and its chapter, OAPSE Local 689 (collectively referred to as "OAPSE") is the sole and exclusive bargaining agent for certain non-teaching employees of the Akron City School District. OAPSE Local 689 is composed of educational assistants employed in the school district. The issue before this court arises out of a collective bargaining agreement between OAPSE and appellee, the Akron City School District Board of Education ("board"). Under the collective bargaining agreement, the board recognized OAPSE as the sole and exclusive bargaining agent for certain employees of the board.

In April 1990, the board voted to eliminate thirty-five educational assistant positions held by OAPSE bargaining unit members. On September 6, 1990, OAPSE filed an unfair labor practice charge, alleging that the board violated R.C. 4117.11(A)(1) and (5) when it eliminated the thirty-five positions and signed a contract with an outside agency to provide a driver's education program to the school district without any prior negotiation or bargaining. OAPSE sought damages on behalf of the bargaining unit members who were financially affected by the board's action.

A complaint was issued by the State Employment Relations Board ("SERB") on March 13, 1991, and a hearing was held before a SERB hearing officer on

August 29, 1991. On December 24, 1991, the hearing officer issued a proposed order recommending that the complaint be dismissed. SERB ultimately adopted the report of the hearing officer on May 1, 1992, and dismissed the complaint.[1] On May 14, 1992, OAPSE filed its appeal in the Franklin County Court of Common Pleas. On May 26, 1992, the board filed a motion to dismiss the appeal for lack of jurisdiction, asserting that the appeal should have been filed in Summit County. OAPSE filed a memorandum contra the motion to dismiss, attaching the affidavit of Gary Martin, Associate Director of OAPSE, who stated that OAPSE is located at 6805 Oak Creek Drive, Columbus, Franklin County, Ohio; transacts business in Franklin County; is the exclusive bargaining agent for certain non-teaching employees of the board; and has a local chapter in Akron, which is a part of OAPSE. On July 7, 1992, the court granted the board's motion and dismissed the appeal for lack of jurisdiction. OAPSE now brings this appeal and asserts the following assignment of error:

"The trial court erred as a matter of law in dismissing the case below since plaintiff-appellant's appeal was properly filed in Franklin County under R.C. § 4117.13(D)."

In its assignment of error, OAPSE asserts that the trial court erred in dismissing the case for lack of jurisdiction. R.C. 4117.13(D) sets forth the provisions for judicial review of a SERB determination in an unfair labor practice proceeding and provides:

"Any person aggrieved by any final order of the board granting or denying, in whole or in part, the relief sought may appeal to the court of common pleas of any county where the unfair labor practice in question was alleged to have been engaged in, or where the person resides or transacts business, by filing in the court a notice of appeal setting forth the order appealed from and the grounds of appeal. * * *"

As used in R.C. Chapter 4117, a "person" is defined as including employee organizations, public employees and public employers. R.C. 4117.01(A). An "employee organization" is defined in R.C. 4117.01(D), which provides:

" 'Employee organization' means any labor or bona fide organization in which public employees participate and which exists for the purpose, in whole or in part, of dealing with public employers concerning grievances, labor disputes, wages, hours, terms and other conditions of employment."

---

1. SERB issued its first order dismissing OAPSE's complaint on February 27, 1992, and OAPSE filed an appeal of the order with the Franklin County Court of Common Pleas on March 9, 1992. On April 1, 1992, the parties filed a joint stipulation for dismissal without prejudice and journal entry with the court due to an imperfection in SERB's February 27, 1992 order. The corrected order was issued by SERB on May 1, 1992.

Pursuant to these statutory provisions, an employee organization aggrieved by any SERB final order may appeal to the court of common pleas in the county where the unfair labor practice in question was alleged to have been engaged in, or where the employee organization resides or transacts business. In this case, the trial court determined that the alleged unfair labor practice took place in Akron, Ohio, and, because OAPSE has a local chapter in Akron, Ohio, the court lacked jurisdiction and the action should have been filed with the Summit County Court of Common Pleas. This decision was in error.

■ R.C. 4117.13(D) specifically permits any employee organization aggrieved by a final order from SERB to appeal the decision in the county where the employee organization resides or transacts business. In this case, OAPSE filed an affidavit with the trial court indicating that it resided in Franklin County and transacts business in Franklin County. Furthermore, OAPSE is directly affected by the decision of SERB because it is the exclusive bargaining agent for its members who are financially affected by the board's action. The contract between the Akron Board of Education and the public school employees in Section 2.01, Article II specifically recognizes both OAPSE Local 689 and the Ohio Association of Public School Employees, AFSCME/AFL–CIO, as the bargaining agent for unit members. As such, OAPSE has a direct interest in the outcome of this appeal and it had standing to bring the appeal in Franklin County. Simply because an organization has chapters in other parts of the state does not necessarily preclude the organization from bringing suit in the county where the "parent" organization resides or transacts business.

Because the trial court erred in determining that it lacked jurisdiction to entertain the appeal from SERB, OAPSE's assignment of error is sustained. The judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

McCORMAC and PEGGY BRYANT, JJ., concur.